Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT    FILED 04 OCT '23 12:52 USDC-ORP

for the

District of OREGON

Portland Division

| | |
|---|---|
| DANIELLE M. JOHNSON <br><br> _____ <br> *Plaintiff(s)* <br> *(Write the full name of each plaintiff who is filing this complaint.* <br> *If the names of all the plaintiffs cannot fit in the space above,* <br> *please write "see attached" in the space and attach an additional* <br> *page with the full list of names.)* <br><br> **-v-** <br><br> OREGON DEPARTMENT OF ENVIRONMENTAL <br> QUALITY <br> _____ <br> *Defendant(s)* <br> *(Write the full name of each defendant who is being sued.  If the* <br> *names of all the defendants cannot fit in the space above, please* <br> *write "see attached" in the space and attach an additional page* <br> *with the full list of names.)* | Case No.  2:23-CV-1447-SB <br> *(to be filled in by the Clerk's Office)* <br><br><br> Jury Trial: *(check one)*  ☒ Yes  ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Danielle Johnson |
| Street Address | 17200 Robb Place |
| City and County | Lake Oswego. Clackamas County |
| State and Zip Code | Oregon 97034 |
| Telephone Number | (503) 351-7011 |
| E-mail Address | danimirajohn@gmail.com |


104280

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | State of Oregon - Department of Environmental Quality |
| Job or Title *(if known)* | |
| Street Address | 700 NE Multnomah Street, Suite 600 |
| City and County | Portland, Multnomah Couny |
| State and Zip Code | Oregon 97232 |
| Telephone Number | (503) 229-5696 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Telephone Number _____   _____

E-mail Address *(if known)* _____   _____

C.   **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | State of Oregon - Department of Environmental Quality |
| Street Address | 700 NE Multnomah Street, Suite 600 |
| City and County | Portland, Multnomah County |
| State and Zip Code | Oregon 97232 |
| Telephone Number | (503) 229-5696 |

II.   **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒   Other federal law *(specify the federal law)*:

First Amendment - Establishment Clause and Free Exercise Clause, Fourteenth Amendment - Equal Protection Clause

☐   Relevant state law *(specify, if known)*:

☐   Relevant city or county law *(specify, if known)*:

**III.    Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☐    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☒    Unequal terms and conditions of my employment.

☐    Retaliation.

☐    Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

On October 12, 2020, I was demeaned, intimidated, humiliated, and embarrassed at a virtual Manager DEI Conference by then manager (now interim Deputy Director) Shannon Davis in front of other managers, including Lydia Emer, my Division Administrator, for daring to share my beliefs that conflicted with the anti-racist training we were receiving and for expressing that some of the concepts being endorsed violated my beliefs, specifically, (1) that America, though flawed, is still the best country in the world because it is the freest and fairest, (2) that it is inappropriate/illegal to elevate the voices of some people because of their membership in a protected class group, and (3) that the presenters did not share enough information for us to be able to make an informed (i.e., rational, not purely emotional) opinion about what it means when resumes of people with black-sounding names receive fewer calls than resumes of people with white-sounding names. Following that conference, most management services non-supervisory employees, including me, were removed from invitations to manager meetings/conferences/emails without explanation. This caused me to lose access to information that other management services employees continued to receive. It was later explained that this was because the information shared in these venues was mostly related to supervisory functions. But I learned in a recent (Jan/Feb 2023) check-in with my boss, Ned Fairchild, that some management services non-supervisory employees, including some DEQ HR and training and development staff, have continued to be included in those meetings/conference/emails. I believe this to be a discriminatory and retaliatory action against me based on my religion.

On October 20, 2021, I was effectively outed as a member of the disfavored out-group when emails from upper management were sent encouraging all DEQ staff to publicly share their gender pronouns (which directly correspond to their gender identity) in their email signature lines to demonstrate allyship with people who may have been misgendered, and I declined. I believe being required or coerced to share my protected class status information publicly, especially if the sharing of that information would cause me to participate in discrimination against or favoritism toward individuals on the basis of their protected class status (i.e., their gender and/or their religion), to be a discriminatory action against me based on my religion.

On September 7, 2022, my legitimate concerns were dismissed by DEQ HR when I suggested that the resume-less recruiting policy it designed (led by Recruitment Team Lead, Maddy Ouye) seemed discriminatory and the interview script template it disseminated to hiring managers for use in interviews, which required hiring managers, interview panelists, and job applicants to publicly share their gender pronouns/identity, and by inference their religious position (by asking in a non-optional way), seemed discriminatory. DEQ has since adjusted the script to call for interview panelists to publicly share their gender pronouns/identities and by inference, their religious position, and to call for interviewees to share theirs with the interview panelists if they're comfortable.

On September 9, 2022, as an interview panelist, I requested a reasonable accommodation related to my disability (which I had disclosed to my manager, Ned, on September 7, 2022), and was initially firmly denied by DEQ HR Manager, Penny Robertson. I ultimately received my requested accommodation after a meeting with Ned and Penny the morning of September 12, 2022.

On September 12, 2022, I participated on an interview panel where I was the only person in the interview to decline to publicly share my gender pronouns/identity and by inference my religious position, which confirmed to others in the interview my membership in the disfavored out-group.

On February 23, 2023, following my disclosure of my disability and request for an accommodation, and following my filing of a religious discrimination complaint with DAS CHRO, I learned I was not invited to participate on an interview panel for which I had been strongly endorsed to the hiring manager by a coworker who was invited to participate as a panelist. I believe this to be a discriminatory action against me based on my disability and/or a retaliatory action against me based on my reporting and whistleblowing activities.

From October 2020 to present, after Defendant was aware that anti-racist concepts endorsed at the

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Manager DEI Conference violated my religious beliefs, Defendant leadership has effectively asked me to set aside my religious beliefs against discrimination or favoritism in employment decisions on the basis of protected class status in order to join their religion/anti-religion. Defendant's actions include but are not limited to, the following:

•    Defendant has pressured me to share my protected class status information (my gender identity and with it my inferred religious position) publicly by (1) strongly encouraging me to include my gender pronouns in my email signature line, (2) disseminating interview scripts that call (in a non-optional way) for me to share my gender pronouns publicly in job interviews, and (3) continually sending me "Why Share Pronouns" hyperlinks in email signature lines to coerce me to join the in-group by sharing my gender pronouns/identity publicly. This is coercion and endorsement of a type of religion/anti-religion, in violation of the Establishment Clause and Free Exercise Clause of the First Amendment, and it is a violation of equal protection under the 14th Amendment. In doing so, Defendant has discriminated against me and placed me at risk of others discriminating against me.

•    Defendant has subjected me to proselytizing emails from upper management and the DEQ Pride and BIPOC affinity groups, encouraging DEQ staff to become better allies to the LGBTQIA2S+ and BIPOC communities. These emails are often shaming, demoralizing, and degrading, and they are offensive and unwelcoming because they promote and encourage dividing people into certain types of groups based on only certain aspects of peoples' (protected class status) identities and treating them differently because of their membership in a protected class, not because of anyone's individual needs. They seem intended to offend, shame, and disrespect those who have conflicting religious values – and they do offend me and my religious values.

•    Defendant has subjected me to religious/anti-religious iconography at work by authorizing the creation and incorporation of DEQ Pride logos into websites, emails, social media, and employee Teams backgrounds and email signature lines. This symbol, which has effectively become a religious/anti-religious symbol, similar to the sharing of gender pronouns, allows the agency and employees to display their alliance with certain religious/anti-religious values, and serves to represent a rejection of other religious faiths.

Taken together, this unwelcome, inappropriate, discriminatory behavior is severe and pervasive enough to create a hostile work environment towards me. The work environment or atmosphere (which constitutes a term, condition, or privilege of employment) that Defendant has established and maintained at my place of work supports discriminatory practices and activities that cause me emotional and psychological harm.

C.    I believe that defendant(s) *(check one)*:

    ☒    is/are still committing these acts against me.

    ☐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

    ☐    race    _____

    ☐    color    _____

    ☐    gender/sex    _____

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

☒  religion  My religious beliefs include, among other things, that discriminating against or in favor of anyone based on their protected personal characteristics (except in very limited circumstances) is an injustice that ultimately either directly or indirectly harms everyone. It violates my religious beliefs to be required or coerced to share my protected class status information publicly, especially if doing so would cause me to participate in discrimination against or favoritism toward individuals based on their protected class status.

☐  national origin

☐  age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*

☐  disability or perceived disability *(specify disability)*

E.    The facts of my case are as follows.  Attach additional pages if needed.

Based on the work environment and atmosphere Defendant has established and maintained at my place of work that is discriminaory towards me based on my religious beliefs, as described above, on 10/10/2022, I filed a discrimination complaint with the State of Oregon's Department of Administrative Services Chief Human Resources Office ("DAS CHRO") against Defendant (primarily DEQ HR). DEQ's Human Resources Manager, Penny Robertson, learned of the complaint and reached out to DAS CHRO to request the complaint be turned over to her so that she could use DEQ's external 3rd party investigator to assist with the investigation.

On 3/5/2023, I filed a whistleblower and religious discrimination complaint with the Office of Federal Contractor Compliance Programs ("OFCCP") which then transferred my complaint by memorandum of understanding to EEOC.

On 5/23/2023, the result of DEQ HR and its external 3rd party's investigation into my complaint was sent to me. The report did not accurately reflect my complaint and suggested the unlawful discrimination I had been subjected to was merely my personal dissatisfaction with DEQ's policies of diversity, equity, and inclusion.

On 7/6/2023, EEOC issued my Notice of Right to Sue to both me and DEQ HR (see attached), in response to my whistleblower/discrimination complaint (see attached).

Defendant's discriminatory practices and activities, especially over the last two years, have caused me significant emotional and psychological harm including personal stress, sleeplessness, feelings of isolation both at work and at home, loss of enjoyment of life, mental anguish, and strained relationships with family and friends. The toll on my relationship with my husband and my two young children has been especially hard. I will never get the time back with them that I have spent exploring and trying to end the discrimination I have experienced at work.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

My EEOC complaint was perfected on 6/6/2023.

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☒   issued a Notice of Right to Sue letter, which I received on *(date)*    7/12/2023    .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I respectfully ask the court to: (1) find Defendant liable for violating Title VII; (2) find Defendant liable for violating the Establishment Clause of the First Amendment; (3) find Defendant liable for violating the Free Exercise Clause of the First Amendment; (4) find Defendant liable for violating the Equal Protection Clause of the Fourteenth Amendment; (5) order Defendant to stop coercing employees and job applicants to publicly share their protected class status information, including their gender identities and by inference their religious/anti-religious beliefs; (6) order Defendant to stop treating employees and job applicants differently on the basis of their protected class status; (7) order Defendant to formally and publicly apologize and rescind all previous endorsements of treating employees and job applicants differently on the basis of their protected class status; (8) order Defendant to stop endorsing and promoting proselytizing by in-group members; (9) order Defendant to stop creating and disseminating religious/anti-religious iconography (specifically, DEQ Pride logos); (10) order Defendant to take affirmative action to attract, hire, retain, and promote people with diverse religious beliefs; (11) award Plaintiff emotional distress damages, in the amount of $200,000, and (12) award Plaintiff such other and further relief as the court deems appropriate.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        10/4/2023

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Signature of Plaintiff

Printed Name of Plaintiff    Danielle Johnson

**B.    For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | 551-2023-02513 |
| | FEPA | |

| Oregon Bureau of Labor & Industries - Civil Rights Division | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Year of Birth |
|---|---|---|
| **Danielle Johnson** | **(503) 351-7011** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **17200 Robb Place** **LAKE OSWEGO, OR 97034** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **Oregon Department of Environmental Quality** | **501+ Employees** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **700 NE Multnomah Street Suite 600** **PORTLAND, OR 97232** | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Disability, Religion | **10/12/2020** | **6/1/2023** |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On October 15, 2018, I became employed by Respondent as a Contract Officer. I am still employed by Respondent as a Contract Officer. Throughout my employment I have performed the duties of my position in a satisfactory manner. Respondent is aware of my disability.

I hold sincere religious beliefs based on my ancestral heritage, combining elements of British Christianity, Icelandic paganism, and Cherokee animism and shamanism. Respondent (specifically, DEQ HR and possibly my manager, Ned Fairchild) is aware of it, as I disclosed my religion in my August 24, 2021, request for a religious exception to the COVID-19 Vaccination Requirement.

My religious beliefs include, among other things, the following:

a. I believe that God is everywhere and in everyone. We are all tied inextricably together in a network of mutuality where whatever affects one of us directly, affects all of us indirectly. I believe discrimination against or favoritism toward people based on their protected personal characteristics

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 6/6/2023 _____ Date                 Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | **551-2023-02513** |
| | FEPA | |

| **Oregon Bureau of Labor & Industries - Civil Rights Division** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

affects the people who are hurt or helped directly, but is an injustice that ultimately harms all of us indirectly.

b.  I believe that no one should be forced or pressured to participate in activities that violate their religious beliefs (as long as their beliefs do not unduly violate society's laws) or be oppressed by others who participate in such activities.

c.  I believe that everyone is entitled to their own religious beliefs, and employers (especially government employers) should not unduly favor one religion over another, nor prefer religion over non-religion, nor prefer non-religion over religion. Employers should not tolerate evangelization and/or preaching from either side of opposing religious/anti-religious beliefs that creates a hostile work environment for those employees whose beliefs were disparaged or not endorsed, as well as for those employees who do not wish to engage in religious discourse in the workplace and/or do not wish to be converted to another employee's faith. I believe that in a pluralistic workplace where illegal discrimination and favoritism are not practiced, we cannot all bring our full selves to work; there would be too much unhealthy conflict if we did. Instead, we can all bring our "business professional" selves to work, accept and celebrate our differences and similarities in a neutral way, and try to get along and get the work done.

d.  I believe that each of us is the unique sum of all our individual parts – a person's place in the world cannot be defined or dictated by any one of their protected personal characteristics (or any combination of only select protected personal characteristics). In addition, I believe that it is immoral (and unlawful in most employment decisions) to lump people into groups based on only one shared protected personal characteristic (or the combination of a set of select protected personal characteristics) and deliberately treat them, as a group, differently than members of other groups on the basis of that shared protected personal characteristic (or that combination of a set of select shared protected personal characteristics).

1.  On October 10, 2022, I formally filed a complaint with the Oregon Department of Administrative Services Chief Human Resources Office (DAS CHRO) against Respondent (primarily, DEQ HR), which was subsequently investigated with assistance from and immunity to DEQ HR.

2.  In my DAS CHRO complaint and investigation, I whistle blew that Respondent (primarily DEQ HR) has implemented discriminatory policies including, but not limited to, the following:

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 6/6/2023     *Date*       *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC FEPA | 551-2023-02513 |

| Oregon Bureau of Labor & Industries - Civil Rights Division | and EEOC |
|---|---|

*State or local Agency, if any*

a. I reported and complained that Respondent required or pressured job applicants, interview panelists, and all DEQ employees to publicly share their protected class status information – their gender pronouns, which directly correspond to their gender identity, with no justifiable business purpose for knowing that information, in order to make only some interview panelists and job applicants feel welcome, respected, and included. The sharing of gender pronouns publicly, in email signature lines and during job interviews serves to indicate allyship with a favored in-group based on religious/anti-religious beliefs and rejection of a disfavored out-group based on differing religious beliefs. For all the effort Respondent has supposedly made to help reduce bias and to discourage interview panelists from considering an applicant's cultural fit, it's ironic that DEQ HR went ahead and embedded these blatantly biased practices – this religious/anti-religious favoritism, which makes some interview panelists and job applicants feel unwelcome, disrespected, and excluded. I believe this to be a discriminatory action based on the protected class of aggrieved persons.

b. I reported and complained that Respondent's policy of denying interview panelists access to written job applicant materials and denying job applicants the ability for interview panelists to review applicants' written application materials as part of the interview process, was discriminatory to job applicants with disabilities who rely on written materials to convey their job qualifications and discriminatory to interview panelists with disabilities who rely on written materials to make evaluations about selection of the most qualified applicant . I reported and complained that it was discriminatory that job applicants were restricted to conveying their qualifications to interview panelists verbally and visually, and interview panelists were restricted to making evaluations that rely primarily on how well candidates present themselves verbally and visually, without interview panelists having access to the written job applicant materials. I believe this to be a discriminatory action based on the protected class of aggrieved persons.

c. I reported and complained that Respondent's use of a draft 21-23 Affirmative Action Plan violates EEOC guidelines for the justification of a policy or practice based on race, sex, or national origin. The draft plan requires management and staff to actively work to implement the plan "as assertively as possible" to meet employment goals around race, gender, and veteran status of employees and managers that were not designed to achieve the purposes of Title VII of the Civil Rights Act. One of the stated goals of the plan is to "help develop and maintain a workforce that reflects the demographics of Oregon," as opposed to reflecting the demographics of the relevant qualified labor market in each job group. The goals appear not to be based on statistically significant differences between actual employment results and the results that would be expected based on availability of the relevant qualified labor market in each of the particular job groups, as instructed by CFR 1607.17. Instead, manager demographic goals are based on the population of existing DEQ staff, aiming to have the demographics of management at DEQ match the demographics of the pool of all DEQ staff. And staff demographic goals are based on the demographics of the workforce population of Oregon. These goals are inappropriate and discriminatory because the demographics of the workforce population of

| I want this charge filed with both the EEOC and the State or local Agency, if any I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 6/6/2023 _____ Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | **551-2023-02513** |
| | FEPA | |

| **Oregon Bureau of Labor & Industries - Civil Rights Division** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

Oregon do not match the demographics of the pool of qualified candidates in each of the job categories. I believe this to be a discriminatory action based on the protected class of aggrieved persons.

3. In my DAS CHRO complaint and investigation, I also identified that Respondent has subjected me to harms including, but not limited to, the following:

   a. On October 12, 2020, I was demeaned, intimidated, humiliated, and embarrassed by manager Shannon Davis in front of other managers, including Lydia Emer, my Division Administrator, for daring to share my beliefs that conflicted with the anti-racist training we were receiving and for expressing that some of the concepts being endorsed violated my beliefs, specifically, 1) that America, though flawed, is still the best country in the world because it is the freest and fairest, 2) that it is inappropriate/illegal to elevate the voices of some people because of their membership in a protected class group, and 3) that the presenters did not share enough information for us to be able to make an informed (i.e., rational, not purely emotional) opinion about what it means when resumes of people with black-sounding names receive fewer calls than resumes of people with white-sounding names. Following that conference, most management services non-supervisory employees, including me, were removed from invitations to manager meetings/conferences/emails without explanation. This caused me to lose access to information that other management services employees continued to receive. It was later explained that this was because the information shared in these venues was mostly related to supervisory functions. But I learned in a recent (Jan/Feb 2023) check-in with my boss, Ned, that some management services non-supervisory employees, including some DEQ HR and training and development staff, have continued to be included in those meetings/conference/emails. I believe this to be a discriminatory and retaliatory action against me based on my religion.

   b. On October 20, 2021, I was effectively outed as a member of the disfavored out-group when emails from upper management were sent encouraging all DEQ staff to publicly share their gender pronouns (i.e., gender identity) in their email signature lines to demonstrate allyship with people who may have been misgendered, and I declined. I believe being required or coerced to share my protected class status information publicly, especially if the sharing of that information would cause me to participate in discrimination against or favoritism toward individuals on the basis of their protected class status (i.e., their gender and/or their religion), to be a discriminatory action against me based on my religion.

   c. On September 7, 2022, my concerns were dismissed by DEQ HR when I suggested that the resume-less recruiting policy it designed (led by Recruitment Team Lead, Maddy Ouye) seemed discriminatory and the interview script template it disseminated to hiring managers for use in interviews, which required

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 6/6/2023 _____ *Date*     _____ *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **551-2023-02513** |

| Oregon Bureau of Labor & Industries - Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

hiring managers, interview panelists, and job applicants to *publicly* share their gender pronouns/identity, and by inference their religious position (by asking in a non-optional way), seemed discriminatory. DEQ has since adjusted the script to call for interview panelists to *publicly* share their gender pronouns/identities, and by inference their religious position, and to request that interviewees share theirs *if they're comfortable.*

d. On September 9, 2022, as an interview panelist, I requested a reasonable accommodation related to my disability (which I had disclosed to my manager, Ned, on September 7, 2022), and was initially firmly denied by DEQ HR Manager, Penny. I ultimately received my requested accommodation after a meeting with Penny and Ned the morning of September 12, 2022.

e. On September 12, 2022, I participated on an interview panel where I was the only person in the interview to decline to *publicly* share my gender pronouns/identity and by inference my religious position; which confirmed to others in the interview my membership in the disfavored out-group.

f. On February 23, 2023, following my disclosure of my disability and request for an accommodation, and following my filing of a religious discrimination complaint with DAS CHRO, I learned I was not invited to participate on an interview panel for which I had been strongly endorsed to the hiring manager by a coworker who was invited to participate as a panelist. I believe this to be a discriminatory action against me based on my disability and/or a retaliatory action against me based on my reporting and whistleblowing activities.

g. From October 2020 to present, after Respondent was aware that anti-racist concepts endorsed at the Manager DEI Conference violated my religious beliefs, Respondent leadership has effectively asked me to set aside my religious beliefs against discrimination or favoritism in employment decisions on the basis of protected class status in order to join their religion/anti-religion. Respondent's actions include but are not limited to, the following:

- Respondent has pressured or required me to share my protected class status information (my gender identity and with it my inferred religious position) publicly by 1) strongly encouraging me to include my gender pronouns in my email signature line, 2) requiring me to share my gender pronouns publicly in job interviews, and 3) continually sending me "Why Share Pronouns" hyperlinks in email signature lines to coerce me to join the in-group by sharing my gender pronouns/identity publicly. This is coercion and endorsement of a type of religion/anti-religion, in violation of the Establishment Clause and Free Exercise Clause of the 1st Amendment, and it is a

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct. | |
| 6/6/2023          *Charging Party Signature*<br>Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **551-2023-02513** |

| Oregon Bureau of Labor & Industries - Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

violation of equal protection under the 14th Amendment. In doing so, Respondent has discriminated against me and placed me at risk of others discriminating against me.

- Respondent has subjected me to proselytizing emails from upper management and the DEQ Pride and BIPOC affinity groups, encouraging DEQ staff to become better allies to the LGBTQIA2S+ and BIPOC communities. These emails are often shaming, demoralizing, and degrading, and they are offensive and unwelcoming because they promote and encourage dividing people into certain types of groups based on only certain aspects of peoples' (protected class status) identities and treating them differently because of their membership in a protected class, not because of anyone's individual needs. They seem intended to offend, shame, and disrespect those who have conflicting religious values – and they do offend me and my religious values.

- Respondent has subjected me to religious/anti-religious iconography at work by authorizing the creation and incorporation of DEQ Pride logos into websites, emails, social media, and employee Teams backgrounds and email signature lines. This symbol, which has effectively become a religious/anti-religious symbol, similar to the sharing of gender pronouns, allows the agency and employees to display their alliance with certain religious/anti-religious values, and serves to represent a rejection of other religious faiths.

h.  Taken together, this unwelcome, inappropriate, discriminatory behavior is severe and pervasive enough to create a hostile work environment towards me. The work environment or atmosphere (which constitutes a term, condition, or privilege of employment) that Respondent has established and maintained at my place of work supports discriminatory practices and activities that cause me emotional and psychological harm.

- As of today, June 4, 2023, Respondent's harassment continues. My proposed remedies include the following: I want DEQ to stop coercing employees and job applicants to publicly share their gender identities and by inference their religious/anti-religious beliefs, stop denying interview panelists access to written job applicant materials, stop endorsing and promoting proselytizing by in-group members, stop creating and disseminating religious/anti-religious iconography (specifically, DEQ Pride logos), and stop assertively implementing the unlawful 21-23 draft Affirmative Action plan. I want DEQ to publicly apologize for their discriminatory actions, make whole the people against whom they've discriminated, and take affirmative action to attract, hire, retain and promote people with diverse religious beliefs. I want to be invited back to management meetings/conferences/emails, and I want to be included on interview panels again.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 6/6/2023      *[signature]*<br>Date              *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT:  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.     FORM NUMBER/TITLE/DATE.  EEOC Form 5, Charge of Discrimination (11/09).

2.     AUTHORITY.  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.     PRINCIPAL PURPOSES.  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.     ROUTINE USES.  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.     WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for *exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of,* rights under the Act.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
(206) 576-3000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/06/2023

**To:** Danielle Johnson
17200 Robb Place
LAKE OSWEGO, OR 97034

Charge No: 551-2023-02513

EEOC Representative and email:   MICHELLE WILLIAMS
Investigator Support Assistant
michelle.williams@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 551-2023-02513.

On behalf of the Commission,

Digitally Signed by Alex Arbogast
07/06/2023
Elizabeth Cannon
Director

**Cc:**

Nancy Dickison
OR DEQ
700 NE Multnomah St Suite 600
Portland, OR 97232


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 551-2023-02513 to the District Director at Nancy Sienko, 450 Golden Gate Avenue 5 West PO Box 36025

San Francisco, CA 94102.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "in remission" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

Enclosure with EEOC Notice of Closure and Rights (01/22)

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.